UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>LOC HUYNH,<br>　　　　Defendant. | Case No. 12-cr-0456-PJH-2<br><br>**ORDER DENYING MOTION FOR HALFWAY HOUSE PLACEMENT RECOMMENDATION** |

Before the court is the motion of defendant Loc Huyhn ("Huynh") for a recommendation to the Bureau of Prisons ("BOP") that Huynh receive 12 months Residential Re-entry Center ("RRC" – or "halfway house") placement. Huynh filed the motion on September 1, 2016. The government has not filed a response. Having read defendant's papers and carefully considered his arguments and the relevant legal authority, the court hereby DENIES the motion.

**BACKGROUND**

On June 7, 2012, Huynh was indicted along with four co-defendants for marijuana- and gun-related offenses. Huynh himself was indicted on Counts One, Two, and Four – violation of 21 U.S.C. § 846, conspiracy to manufacture, distribute, and possess marijuana with intent to sell; 21 U.S.C. 841(a)(1), (b)(1)(C), possession of marijuana with intent to distribute; and 18 U.S.C. § 922(g)(1), being a felon in possession of a firearm.

On October 31, 2012, Huynh entered a plea of guilty to all three counts. At the sentencing hearing on January 23, 2013, Huynh was sentenced to a total term of 87 months, plus 3 years supervised release, and a special assessment of $300. According

to Huynh, his projected date for release from prison is May 3, 2018.  On September 1, 2016, Huynh filed the present motion, requesting that the court recommend placement in a halfway house.

## DISCUSSION

A.   Legal Standard

"The Bureau of Prisons has the statutory authority to choose the locations where prisoners serve their sentence."  U.S. v. Ceballos, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam) (citing 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment.")).  The recommendations of the sentencing court to the BOP with regard to where the sentence should be served are given only non-binding weight.  Id.

> While a [district court] judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served.  Authority to determine the place of confinement resides in the executive branch of the government and is delegated to the Bureau of Prisons.

Id. (quoting U.S. v. Dragna, 746 F.2d 457, 458 (9th Cir. 1984) (per curiam).  Moreover, district court recommendations to the BOP are non-reviewable, and any appeal will be dismissed for lack of jurisdiction.  Id.

B.   Defendant's Motion

Huynh requests that this court recommend to the BOP that it place him in a halfway house.  He asserts that placement in a halfway house for 12 months – presumably he means 12 months prior to the running of the 87-month sentence – is necessary to enable him to secure stable employment to help support his family and in order to provide the greatest likelihood of successful reintegration into the community.  He concedes that the decision concerning halfway house placement is left to the discretion of the BOP.  Nevertheless, he contends that the BOP is "required" by statute to consider any recommendation made by the court, and asserts that the court is "free to make such a recommendation at any time."

The BOP is authorized to "designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable," including halfway houses (i.e., RRCs).  See Rodriquez v. Smith, 541 F.3d 1180, 1182 (9th Cir. 2008) ("Under 18 U.S.C. § 3621(b), the BOP has authority to designate the place of an inmate's imprisonment.").  However, as noted above, any recommendation by the court regarding placement is non-binding on the BOP.

As a discretionary matter, this court declines – more than three and a half years after sentencing Huynh – to make a recommendation to the BOP concerning halfway house placement.  The BOP is, as of this time, in a much better position than the court to consider Huynh's request in light of his circumstances and the availability and suitability of halfway house facilities.

## CONCLUSION

In accordance with the foregoing, the request for a recommendation to the BOP regarding halfway house placement is DENIED.

**IT IS SO ORDERED.**

Dated:  October 14, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge